Davis, P. J.
A careful examination of the evidence in this case seems to leave no doubt that the defendant, Fanny Jacobs, received, and has in her possession, a considerable amount of money belonging to the plaintiff, which she has neglected and refused to pay over to plaintiff on demand. A portion of the money received by her seems to have been paid to the credit of the Mansfield Silk and Thread Co., and it appears was presently in part, or wholly, drawn out and placed to her own credit. Indeed, it is doubtful whether there is, in reality, any such lawful corporation as the Mansfield Silk and Thread Company; but if there be, it has manifestly been used by the defendant Jacobs as an instrument, to enable her to control and keep moneys which in reality belonged to the plaintiff: There was, on this subject, much conflict of evidence, but the conflict arose between her own testimony and that of several witnesses on behalf of the plaintiff. The verdict is against the weight of evidence, and it ought for that reason to have been set aside. There were some errors committed in the course of the trial in the rejection of evidence.
One of the witnesses was asked: “ Will you please state what became of the stock-of Mr. Jacobs, that was in his store at the time of his death? ” This was objected to, on the ground that it was not rebutting evidence, the objection was sustained and an exception taken. It was rebutting evidence, and should, properly have been received as rebutting the testimony of Mrs Jacobs, in respect of her management and disposition of the property and affairs of her husband after his deceas.e.. What would have developed does not appear, and the answers might have tended to show what the plaintiffs claim, to wit: that the property was made over to the alleged corporation; and Mrs. Jacobs had testified that the property was converted into cash, and the bills paid with it; and that the corporation did not get any of the property that Mr. Jacobs left at the time of his death, and did not sell any of the property belonging to her husband ■at the time of his death.
The motion for new trial, both upon the exceptions taken and on the ground that the verdict was against the weight of evidence, should have been granted. Assuming the Mansfield Silk and Thread Co. to be a corporation, there was evidence tending to show that money belonging to the plaintiff, collected and received by Mrs. Jacobs, was placed to the credit of that company, and soon after drawn out by her and placed to her own credit, under circumstances sufficient to have gone to the jury upon the question whether that company, which seems to have been represented and managed by Mrs. Jacobs for her own purposes, was not properly chargeable for the moneys paid in to its account in the bank by her, as a means of enabling her to get possession of it for her own use.
„ We think the exception was well taken, therefore, to the decision of the court granting the motion to dismiss the complaint as to the alleged corporation.
There should be a new trial, therefore, as to both defendants, with costs to abide event.
Brady, J., concurs.